IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **AMY JONES and JASON DAILEY**, on behalf of themselves and all others similarly situated, | : : : : |
| Plaintiffs, | : CASE NO. : : JUDGE: |
| v. | : : MAGISTRATE JUDGE: : |
| **FORD MOTOR COMPANY**, | : **JURY DEMAND ENDORSED HEREON** : : |
| Defendant. | |

**COMPLAINT FOR FEDERAL AND OHIO WAGE VIOLATIONS**

Named Plaintiffs Amy Jones and Jason Dailey ("Named Plaintiffs"), on behalf of themselves and others similarly situated (collectively, "Named Plaintiffs and the Putative Plaintiffs"), file this Complaint against Defendant The Ford Motor Company ("Defendant") to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to Fair Labor Standards Act of 1939 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The FLSA claim is brought as a collective action under 29 U.S.C. § 216(b). Named Plaintiffs bring the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et. seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60 claims as to recover compensation, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and other equitable relief on behalf of themselves and all Ohio employees pursuant to Fed. R. Civ. P. 23.

Named Plaintiffs, on behalf of themselves and others similarly situated, hereby state as follows:

1

**I.      JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

2. This Court has supplemental jurisdiction over Named Plaintiffs' and the Putative Class Members' Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiffs' claims under the FLSA that they form part of the same controversy.

3. Venue in the Northern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

**II.     PARTIES**

    **A.     Named Plaintiff Amy Jones**

4. Named Plaintiff Amy Jones ("Named Plaintiff Jones") is an adult individual, a United States citizen, and a resident of the State of Ohio.

5. Named Plaintiff Jones has been employed by Defendant since July 2021 as a Process Coach at Defendant's Lima Engine Plant location in Lima, Ohio.

6. Named Plaintiff Jones regularly works over forty (40) hours in a workweek.

7. Named Plaintiff Jones brings this action on behalf of herself and those similarly situated and has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Pursuant to 29 U.S.C. § 216(b), Named Plaintiff Jones' consent has been filed alongside this Complaint. *See* **Exhibit 1**.

    **B.     Named Plaintiff Jason Dailey**

8. Named Plaintiff Jason Dailey ("Named Plaintiff Dailey") is an adult individual, a United States citizen, and a resident of the State of Ohio.

9. Named Plaintiff Dailey has been employed by Defendant since May 15, 2023, as a Process Coach at Defendant's Lima Engine Plant location in Lima, Ohio.

10. Named Plaintiff Dailey regularly works over forty (40) hours in a workweek.

11. Named Plaintiff Dailey brings this action on behalf of himself and those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Pursuant to 29 U.S.C. § 216(b), Named Plaintiff Dailey's consent has been filed alongside this Complaint. *See* **Exhibit 2**.

    C. **Defendant**

12. Defendant is a foreign for-profit corporation that does business throughout the state of Ohio with its headquarters located at 1 American Rd, Dearborn, MI 48126. Defendant can be served upon its registered agent, CT Corporation System, at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

13. Defendant operates four manufacturing locations in Ohio; the Lima Engine Plant (Lima, OH), the Ohio Assembly Plant (Avon Lake, OH), the Cleveland Engine Plant No. 1 (Brook Park, OH), and the Sharonville Transmission Plant (Sharonville, OH).

14. Upon information and belief and during all times material to this Complaint, Defendant employed Process Coaches that are or were similarly situated to Named Plaintiffs ("Putative Plaintiffs").

**III. FACTS**

15. During all times material to this Complaint, Defendant was an "employer" of Named Plaintiffs, and the Putative Plaintiffs as defined in the FLSA and Ohio Acts.

16. During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of

3

the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17. During all times material to this Complaint, Defendant operates, controls, and employs employees engaged in commerce or in the production of goods for commerce or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

18. During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs that opt-in have been Defendant's employees pursuant to the Ohio Wage Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

19. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States.

20. At all times material to this Complaint, Defendant hired Named Plaintiffs and the Putative Plaintiffs to work as Process Coaches, with the expectation that they coach safety, quality, and productivity to ensure company objectives are met through following standardized work.

21. At all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs are involved in the manufacturing process of various automobiles and other vehicles at Defendant's facilities and plants.

22. At all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs were entitled to overtime compensation at a rate of one and one half times their regular rate for all hours worked over forty (40) in a workweek.

23. At all times material to this Complaint, Named Plaintiffs and, upon information and belief, the Putative Plaintiffs regularly worked over forty (40) hours in a given workweek.

24. At all times material to this Complaint, Defendant failed to pay Named Plaintiffs, and upon information and belief, the Putative Plaintiffs overtime compensation at a rate of one and one half times their regular rate for all hours worked over forty (40) in a workweek.

25. At all times material to this Complaint, Defendant did not pay Named Plaintiffs and, upon information and belief, the Putative Plaintiffs that opt-in at least $684.00 per week on a salary basis.

26. At all times material to this Complaint, Defendant misclassified Named Plaintiffs and, upon information and belief, the Putative Plaintiffs as "salaried" employees.

27. At all times material to this Complaint, Named Plaintiffs' and, upon information and belief, the Putative Plaintiffs' pay was subject to reduction because of variation in quantity of work performed.

28. At all times material to this Complaint, Named Plaintiffs' and, upon information and belief, the Putative Plaintiffs' pay were subject to reduction equal to the hours they did not work in that week.

29. At all times Material to this Complaint, Defendant required Named Plaintiffs and, upon information and belief, the Putative Plaintiffs to record the hours they worked on a timesheet and send the timesheet into their Team Manager on the first and fifteenth of each month.

30. At all times material to this Complaint, Defendant failed to compensate Named Plaintiffs and, upon information and belief, the Putative Plaintiffs for certain integral and indispensable work at one-and-one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

31. As a result of Defendant's conduct, Named Plaintiffs and, upon information and belief, the Putative Plaintiffs were not fully and properly paid for all of their hours worked in violation of the FLSA and the Ohio Acts.

32. During all times relevant to this Complaint, Defendant applied the same pay practices and/or policies to Named Plaintiffs and, upon information and belief, the Putative Plaintiffs. These similarly situated Process Coaches also worked forty (40) or more hours in given workweeks, but Defendant's practices and/or policies, as explained *infra*, likewise resulted in these similarly situated hourly employees not being paid all their overtime wages earned in violation of the FLSA and Ohio Acts.

33. During all times relevant to this Complaint, Named Plaintiffs' and, upon information and belief, the Putative Plaintiffs', based on its companywide policy, primary duties did not include managing Defendant's enterprise, or managing a customarily recognized department or subdivision of Defendant's enterprise.

34. During all times relevant to this Complaint, Named Plaintiffs' and, upon information and belief, the Putative Plaintiffs', based on its companywide policy, primary duties did not include the performance of office or non-manual work directly related to the management or general business operation of the Defendant or the Defendant's customers.

35. During all times relevant to this Complaint, based on Defendant's companywide policy, Named Plaintiffs' and, upon information and belief, the Putative Plaintiffs' primary duties

6

did not include the exercise of discretion and independent judgment with respect to matters of significance.

36. During all times relevant to this Complaint, based on Defendant's companywide policy, Named Plaintiffs and, upon information and belief, the Putative Plaintiffs, did not customarily and regularly direct the work of at least two or more other full-time employees.

37. During all times relevant to this Complaint, based on Defendant's companywide policy, Named Plaintiffs' and, upon information and belief, the Putative Plaintiffs', primary duties did not include the authority to hire and fire, or that the employee's suggestions on hiring and firing are given particular weight.

38. During all times relevant to this Complaint, Named Plaintiffs' and, upon information and belief, the Putative Plaintiffs, based on its companywide policy, annual pay did not exceed $107,432.00 for years prior to July 1, 2024 and/or did not exceed $132,964.00 after Jul 1, 2024.

39. As of the filing of this Complaint, Named Plaintiffs and, upon information and belief, the Putative Plaintiffs, have not been paid all the wages they earned while working for Defendant, and those unpaid wages have gone unpaid for more than thirty (30) days.

40. By not paying Named Plaintiffs and those similarly situated to them a rate of 150% of their regular rate for all hours worked over forty (40) in a workweek, Defendant willfully violated federal and state wage laws.

### IV. COURT SUPERVISED NOTICE PURSUANT TO 29 U.S.C. § 216(b) ALLEGING FLSA VIOLATIONS

41. Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) on behalf of themselves, and the other similarly situated Process Coaches of the following description:

> **All current and former Process Coaches in Ohio who worked at Ford during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Employees Entitled to Notice").**

42. Named Plaintiffs reserve the right to amend and refine the definition of the Employees Entitled to Notice they seek to represent based upon further investigation and discovery.

43. Named Plaintiffs and the Employees Entitled to Notice were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

44. The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

45. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiffs.

46. Sending Court Supervised Notice to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants misclassified them as exempt and failed to pay them 1.5 times their regular rate for all hours worked in excess of 40 in a workweek.

47. Named Plaintiffs and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

48.     Named Plaintiffs seek to have the Court send supervised notice to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

49.     Named Plaintiffs are similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

50.     The names and addresses of the Employees Entitled to Notice are available from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the FLSA.

51.     Named Plaintiffs and the Employees Entitled to Notice have been damaged by Defendants' willful misclassification and refusal to pay the appropriate wages for all hours worked.

52.     As a result of Defendants' FLSA violations, Named Plaintiffs and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

V.     **FED. CIV. R. 23 CLASS ACTION ALLEGATIONS**

53.     Named Plaintiffs bring their Ohio Wage Act and OPPA claims pursuant to the Federal Rule of Civil Procedure 23, on behalf of themselves and a class of persons consisting of:

> **All current and former Process Coaches of Ford in Ohio who worked during the two (2) years preceding the filing of the this Complaint and continuing through the final disposition of this case ("Ohio Acts Rule 23 Class").**

54.     Named Plaintiffs reserve the right to amend and refine the definition of the Ohio Acts Rule 23 Class they seek to represent based upon further investigation and discovery.

55.     The number and identity of the Ohio Acts Rule 23 Class are ascertainable from Defendant's records. For the purpose of notice and other purposes related to this action, their

9

names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the Federal Rule of Civil Procedure 23.

56. The Ohio Acts Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

57. Named Plaintiffs' claims are typical of those claims which could be alleged by any Ohio Acts Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Ohio Acts Rule 23 Class member in separate actions.

58. Named Plaintiffs and the Ohio Acts Rule 23 Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay at least one- and one-half times their regular rate for all hours worked in excess of forty (40) in a given week.

59. Named Plaintiffs and the Ohio Acts Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the Ohio Wage Act and the OPPA.

60. Named Plaintiffs and the Ohio Acts Rule 23 Class members have all been injured in that they have been uncompensated due to Defendant's common policy, practice, and willful conduct.

61. Defendant's corporate wide policies, practices and willful conduct affected the Ohio Acts Rule 23 Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Acts Rule 23 Class members.

62. Named Plaintiffs and the Ohio Acts Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and willful conduct.

63. Named Plaintiffs are able to protect the interests of the Ohio Acts Rule 23 Class members and have no interests antagonistic to the Ohio Acts Rule 23 Class fairly and adequately.

64. Named Plaintiffs and the Ohio Acts Rule 23 Class members are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

65. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of wage and hour litigation on behalf of non-exempt workers where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

66. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

67. Common questions of law and fact exist as to the Named Plaintiffs and the Ohio Acts Rule 23 Class that predominate over any questions only affecting Named Plaintiffs and the Ohio Acts Rule 23 Class members individually and include, but are not limited to:

   a. Whether Defendant improperly classified Named Plaintiffs and the Ohio Acts Rule 23 Class members as exempt pursuant to the FLSA and the Ohio Wage Act

   b. Defendant willfully did not pay Named Plaintiffs and the Ohio Acts Rule 23 Class members at least $684.00 per week on a salary basis.

   c. failed to pay the Named Plaintiffs and the Ohio Acts Rule 23 Class members at least one- and one-half their regular rate of pay for all hours worked over forty (40);

   d. Whether the wages owed to the Named Plaintiffs and the Ohio Acts Rule 23 Class members remain unpaid for more than thirty (30) days;

    e. Whether Defendant's companywide decision to not pay Named Plaintiffs and the Ohio Acts Rule 23 Class members at least one- and one-half their regular rate of pay for all hours worked over forty (40) was willful and without a good faith basis;

    f. The nature and extent of class-wide injury and the measure of damages for those injuries.

68. Named Plaintiffs and the Ohio Acts Rule 23 Class members have been damaged by Defendant's willful refusal to pay at least the Ohio minimum wage for all hours worked and to make that payment within thirty (30) days of the works' performance.

69. As a result of Defendant's Section 34a, Ohio Wage Act and OPPA violations, Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members are entitled to damages, including, but not limited to, unpaid wages, treble damages, liquidated damages, costs, and attorneys' fees.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

70. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

71. Named Plaintiffs assert this claim on behalf of themselves and the Employees Entitled to Notice who opt into this action by filing a consent form pursuant to 29 U.S.C. § 216(b).

72. At all times material to this Complaint, Defendant regularly employed Named Plaintiffs, and the Employees Entitled to Notice to work more than forty (40) hours in a workweek.

73. Named Plaintiffs and the Employees Entitled to Notice are employees entitled to the FLSA's protections.

74. Named Plaintiffs and the Employees Entitled to Notice employed by Defendant have worked over forty (40) hours in at least one workweek and willfully were not paid at the appropriate one and one-half-times their regular rate.

75. Defendant misclassified Named Plaintiffs and the Employees Entitled to Notice as "salaried" employees because the pay that Named Plaintiffs and the Employees Entitled to Notice regularly received was subject to reduction because of the hours they worked and variation in quantity of work performed. *See* 29 C.F.R. §§ 541.602(a).

76. During all times material to this Complaint, Named Plaintiffs and the Employees Entitled to Notice were not exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," "professional" or "highly compensated" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

77. In failing to compensate Named Plaintiffs and the Employees Entitled to Notice at the appropriate one and one-half-times their regular rate for all hours worked in excess of forty in a workweek, Defendant has violated the applicable provisions of the FLSA.

78. Named Plaintiffs and the Employees Entitled to Notice are entitled to recover all unpaid overtime wages, an equal amount in liquidated damages, and attorney's fees and expenses pursuant to 29 U.S.C. § 216(b).

79. In violating the FLSA, Defendant has acted willfully and with reckless disregard for clearly applicable FLSA provisions.

## COUNT II
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE OHIO WAGE ACT

80. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

81. Named Plaintiffs assert this Ohio Wage Act claim on behalf of themselves and the Ohio Acts Rule 23 Class.

82. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employees' regular rate of pay for all hours worked over forty (40) in a workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

83. Named Plaintiffs and the Ohio Acts Rule 23 Class are/were covered employees of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

84. Named Plaintiffs and the Ohio Acts Rule 23 Class employed by Defendant have worked over forty (40) hours in at least one workweek and willfully were not paid at the appropriate one and one-half-times their regular rate.

85. Defendant willfully subjected the Named Plaintiffs and the Ohio Acts Rule 23 Class to a companywide policy that did not pay them overtime compensation at a rate of one- and one-half times their regular rate for all hours worked over forty in a workweek in violation of the Ohio Wage Act.

86. During all times material to this Complaint, Named Plaintiffs and the Ohio Acts Rule 23 Class were not exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not an "executive," "administrative," "professional" or "highly compensated" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

87. Named Plaintiffs and the Ohio Acts Rule 23 Class are entitled to recover all unpaid overtime wages, and other compensation, liquidated damages, interest, and attorney's fees and

expenses, and all other remedies available as compensation for Defendant's violations of the Ohio Wage Act.

88. In violating the Ohio Wage Act, Defendant has acted willfully and with reckless disregard for clearly applicable Ohio Wage Act provisions.

## COUNT III
## VIOLATION OF THE OHIO PROMPT PAY ACT

89. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

90. Named Plaintiffs assert this claim on behalf of themselves and the Ohio Acts Rule 23 Class.

91. At all times relevant to this Complaint, Defendant was Named Plaintiffs' and the Ohio Acts Rule 23 Class's employer and was required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

92. The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

93. At all times material to this Complaint, Defendant has refused to pay Named Plaintiffs and the Ohio Acts Rule 23 Class all owed overtime wages at one-and-a-half times their normal hourly rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

94. Named Plaintiffs' and the Ohio Acts Rule 23 Class's wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

95. Defendant's violations of the OPPA have been a willful, intentional, or bad faith nature or Defendant has otherwise exhibited a reckless disregard of the OPPA's provisions.

**COUNT IV**
**CIVIL PENALITES FOR CRIMINAL ACTS**
**O.R.C. § 2307.60**

96. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

97. Named Plaintiffs assert this claim on behalf of themselves and the Ohio Acts Rule 23 Class.

98. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

99. By its acts and omissions described herein, Defendant has willfully violated the FLSA and Named Plaintiffs and the Ohio Acts Rule 23 Class were injured as a result.

100. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

101. As a result of Defendant's willful violations of the FLSA, Named Plaintiffs and the Ohio Acts Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**VII. PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiffs request judgment against Defendant and pray for the following relief:

A. For an Order sending Court Supervised Notice to the Employees Entitled to Notice as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members.

B. For an Order requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Employees Entitled to Notice.

C. In the event the Defendants seek to have discovery on the issues of whether the Employees Entitled to Notice are similarly situated to the Named Plaintiffs, that the Court issue an order tolling the FLSA statute of limitations for the Employees Entitled to Notice as of the filing of this Complaint through the end of the notice discovery period.

D. Issuing proper notice to the Employees Entitled to Notice at Defendants' expense.

E. Unpaid minimum wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiffs and the Employees Entitled to Notice that join the lawsuit.

F. An order equitably tolling the statute of limitations as of the Named Plaintiffs and Employees Entitled to Notice.

G. An Order permitting this litigation to proceed as a representative action and a Federal Rule 23 class action.

H. An order awarding the Plaintiffs and the Employees Entitled to Notice who join this case back pay equal Ohio minimum wages for all hours worked for three (3) years preceding the filing of this Complaint to the present, plus an additional two times that amount in liquidated damages.

I. Designation of the Named Plaintiffs as representative of the Employees Entitled to Noice who join this lawsuit and counsel of record as their counsel.

J. Designation of the Named Plaintiffs as the Class Representatives for the Ohio Rule 23 Class Action.

K. A declaratory judgment that the practices complained of herein are unlawful under the Ohio Wage Laws.

L. Liquidated damages to the fullest extent permitted under federal and Ohio state law.

M. A finding that Defendants acted willfully and without a good faith basis for their violations of the FLSA and the Ohio Wage Laws.

N. A finding that Defendants have violated the FLSA and the Ohio Wage Laws, and that Defendants have been unjustly enriched with the repayment of tips illegally retained.

O.  Costs and attorneys' fees to the fullest extent permitted under federal and state law;

P.  Pre-judgment and post-judgment interest to the fullest extent permitted under federal and state law; and,

Q.  Such other relief as the Court deems fair and equitable.

Dated: December 5, 2024                                Respectfully submitted,

                                                                      */s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Anna R. Caplan (OH Bar No. 0104562)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com
acaplan@barkanmeizlish.com

*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

                                                                       */s/ Robert E. DeRose*
Robert E. DeRose